**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WALTER R. RIPLEY, Donee-
Transferee of Mildred M. Ripley,
Donor; MELYNDA H. RIPLEY, Donee-
Transferee of Mildred M. Ripley,
Donor,

        Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent-Appellee.

No. 97-1510

Appeal from the United States Tax Court.
(Tax Ct. No. 93-26209)

Submitted: October 28, 1997

Decided: February 20, 1998

Before ERVIN, WILKINS, and HAMILTON, Circuit Judges.

_____

Reversed and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

G. Nelson Mackey, Jr., BRUMBERG, MACKEY & WALL, P.L.C.,
Roanoke, Virginia, for Appellants. Loretta C. Argrett, Assistant
Attorney General, David English Carmack, Regina S. Moriarty, Tax
Division, UNITED STATES DEPARTMENT OF JUSTICE, Wash-
ington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Walter and MeLynda Ripley (the Ripleys), appeal an order of the tax court denying their motion for attorney's fees under 26 U.S.C. § 7430 (1994). The issue is whether the tax court abused its discretion by finding the Internal Revenue Service's (IRS) pre-litigation position "substantially justified." After conducting a detailed review of the record, we conclude that the tax court abused its discretion in finding that the IRS had substantial justification for its position. Accordingly, we reverse.

In 1983, Mrs. Mildred M. Ripley (Mrs. Ripley) gave the Ripleys real property valued at $93,300. Mrs. Ripley also gifted property that she valued at $84,139 to her other son Joseph. Mrs. Ripley filed a gift tax return and paid the applicable tax. After review, the IRS concluded that the property given to Joseph was worth significantly more than reported by Mrs. Ripley. Negotiations between Mrs. Ripley and the IRS resulted in an agreement extending the time in which the IRS could assess additional tax[1] and establishing Mrs. Ripley's tax liability at $239,124. The IRS assessed the additional tax against Mrs. Ripley on April 7, 1992.

For reasons unknown, Mrs. Ripley failed to pay the assessed tax. Accordingly, on September 17, 1993, the IRS notified the Ripleys that they were liable for $93,300 in tax, plus interest, because donees are liable for unpaid gift tax to the extent of the value of the gift.[2] The Ripleys petitioned the tax court, contending that the one-year period of limitations for assessment of transferee liability had expired.[3] However, the tax court found the notices of transferee liability timely and that the Ripleys were liable for the tax.

_____

**1** See I.R.C. § 6501(c)(4).
**2** See I.R.C. § 6324(b); Poinier v. Commissioner, 858 F.2d 917, 920 (3d Cir. 1988).

**3** See I.R.C. § 6901(c)(1).

2

On appeal, this court disagreed and found that the Form 872 that Mrs. Ripley signed to extend the period of assessment controlled the running of the one-year statute of limitations during which the IRS must notify a donee of transferee liability under § 6901(c).[4] After the time for appeal expired, the Ripleys moved for attorney's fees pursuant to § 7430. They claimed that, as a "prevailing party," they were entitled to attorney's fees because the pre-litigation position of the IRS was unreasonable and not "substantially justified." The tax court denied the motion and found that its acceptance of the IRS's analysis and arguments in the matter made the IRS's position reasonable and "substantially justified." The Ripleys appeal the order denying their motion for attorney's fees, and we review the tax court's denial of fees and expenses for an abuse of discretion.[5]

The IRS cannot be substantially justified in ignoring the plain meaning of the language of its own forms. "Substantially justified" under § 7430(c)(4) represents a position "that is, justified to a degree that could satisfy a reasonable person" or having a "reasonable basis in both law and fact."[6] The IRS drafted and prepared the agreement, which Mrs. Ripley signed, and then the IRS refused to comply with all the terms of the agreement. With the authority to subject a citizen to litigation comes the responsibility to be careful; thus, it is unreasonable for the IRS to offer an agreement that it does not intend to follow. Therefore, we reverse the denial of the Ripleys' motion for attorney's fees and other expenses and remand to the tax court to determine the Ripleys' reasonable attorney's fees and costs. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

REVERSED AND REMANDED

_____

[4] **See Ripley v. Commissioner**, 103 F.3d 332 (4th Cir. 1996).

[5] **See Pierce v. Underwood**, 487 U.S. 552, 557-63 (1988).

[6] **See id.**, at 563-66 (defining "substantially justified" under the Equal Access to Justice Act); see also United States v. Paisley, 957 F.2d 1161, 1165 (4th Cir. 1992).

3